# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL D. LOVELACE, | ) | CASE NO. 7:17CV00109 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Michael D. Lovelace, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Danville City Circuit Court. Respondent filed a motion to dismiss Lovelace's § 2254 petition, and Lovelace responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss.

## I.  Background

On January 11, 2013, the Danville City Circuit Court entered a final order convicting Lovelace of robbery. The court sentenced him to ten years in prison. Lovelace appealed, but the Court of Appeals of Virginia dismissed his petition on February 11, 2014. Thereafter, on April 21, 2014, Lovelace filed a *pro se* petition for appeal in the Supreme Court of Virginia. The court refused review and denied a petition for rehearing because both filings were untimely.

On May 15, 2013, while still pursuing direct review in the Court of Appeals of Virginia, Lovelace filed a *pro se* habeas petition in the Supreme Court of Virginia. The court dismissed his claims on November 22, 2013.

On December 17, 2014, after the conclusion of his direct review proceedings, Lovelace filed a second state habeas petition in the Danville City Circuit Court. On December 1, 2015, the circuit court denied the petition. Lovelace then appealed portions of the denial to the Supreme

Court of Virginia, but the court dismissed the petition on October 14, 2016 for failure to comply with Rule 5:17 of the Rules of the Supreme Court of Virginia.

On March 21, 2017, Lovelace filed the current petition in this court.

## II. Time-Bar

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must file his federal habeas petition within one year from when his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review.[1]

Lovelace's petition is time-barred. The Court of Appeals of Virginia dismissed Lovelace's initial direct appeal on February 11, 2014, and he did not perfect an appeal to the Supreme Court of Virginia until April 21, 2014. As Lovelace failed to file a timely appeal to the Supreme Court of Virginia, his conviction became final on March 13, 2014, thirty days after the entry of the order of the Court of Appeals of Virginia. *See* Va. Sup. Ct. R. 5:17(a)(2) (requiring notice of appeal within thirty days); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Further, Lovelace did not file the current § 2254 petition until March 21, 2017, three years after his conviction became final. Therefore, the petition is time-barred unless tolling or Lovelace's actual innocence entitles his claims to federal merits review.

### A. Tolling

A petitioner can "toll" the federal habeas statute of limitations in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner pursues a "properly filed application for State post-conviction or other collateral review" within the federal limitations

---

[1] Section § 2244(d)(1)(B) through (D) also allows a petitioner to file his federal habeas petition within one year from the latest of when: any illegal state created impediment to filing was removed, the United States Supreme Court recognized a new, retroactively applied constitutional right, or the factual predicate of the claim could have been discovered through due diligence. Lovelace has not shown that any provision other than § 2244(d)(1)(A) applies.

period. 28 U.S.C. § 2244(d)(2). Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Lovelace's properly filed direct appeal to the Court of Appeals of Virginia statutorily tolled the federal habeas limitations period from January 11, 2013 until March 13, 2014. However, Lovelace is not entitled to tolling during his petition for appeal or his motion for reconsideration in the Supreme Court of Virginia because both filings were untimely. *See* Va. Sup. Ct. R. 5:17(a)(2). Therefore, the statute of limitations ran for 278 days between March 13, 2014, when Lovelace's conviction became final under 28 U.S.C. § 2244, and December 17, 2014, when Lovelace filed his second state habeas petition.

On December 2, 2015, after the circuit court dismissed his second habeas petition, the statute of limitations began to run again because Lovelace's habeas appeal was improperly filed: his assignments of error were insufficient under Va. Sup. Ct. R. 5:17(c)(1)(iii). Thereafter, the limitations period continued to run for an additional 475 days until Lovelace filed the current petition. In total, the statute of limitations ran for 754 days, far longer than the 365 day limitations period allowed under § 2244.

Lovelace argues that his petitions should be deemed "properly filed" because *some* procedural bars do not render filings improper under § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 10-11 (2000). However, Va. Sup. Ct. R. 5:17(a) and (c) are conditions to filing; failure to follow the rule precludes statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[T]ime limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory

tolling under § 2244(d)(2)."); *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (holding that "petitioner's appeal of the denial of habeas relief" was "not properly filed pursuant to § 2244(d)(2)" because the petitioner "failed to meet the form requirements for properly filing an appeal in the Supreme Court of Virginia" under Va. Sup. Ct. R. 5:17(c)); *see also Escalante v. Watson*, 488 F. App'x 694, 697-98 (4th Cir. 2012) (explicitly agreeing with the logic of *Christian* and finding that failure to comply with Rule 5:17(c) did not toll the statute of limitations). Therefore, Lovelace is not entitled to statutory tolling for the duration of his improperly filed appeals to the Supreme Court of Virginia.

Lovelace also contends that the statute of limitations should be equitably tolled because he was "so prejudice[d]" when counsel allegedly abandoned him, and *Martinez v. Ryan*, 566 U.S. 1 (2012) excuses the time-bar and/or any defaults. Pet'r's Resp. 1-2, ECF No. 15.

First, even allowing for tolling during direct review, his federal petition is still time-barred because the statute of limitations ran for 475 days between the circuit court's dismissal of his second state habeas petition and the filing of his federal petition. Equitable tolling for attorney abandonment does not apply during his state habeas proceedings because Lovelace did not have, nor was he entitled to, counsel. *See Howard v. Warden of Buckingham Corr. Ctr.*, 348 S.E.2d 211, 213 (Va. 1986) ("There is no Constitutional right for a party to have appointed counsel in post-conviction applications."); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

Second, *Martinez* and its progeny do not excuse untimely petitions. *See Couch v. Woodson*, 2013 WL 5933543, at *2 (E.D. Va. Nov. 5, 2013) (collecting cases) ("*Martinez* has no

4

applicability to cases barred by § 2244(d)."). Therefore, Lovelace cannot rely on *Martinez* to equitably toll the federal habeas time-bar.

At the threshold, Lovelace is not entitled to equitable tolling on any other grounds because he has not demonstrated that he diligently pursued relief but that extraordinary circumstances prevented his proper filing.

### B. Fundamental Miscarriage of Justice

Lastly, Lovelace argues that his claims are entitled to federal habeas merits review because he is actually innocent.

A petitioner is entitled to federal review of the merits of untimely habeas claims upon establishing a colorable claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924 (2013). For a petitioner to claim actual innocence, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." *Schlup v. Delo*, 513 U.S. 298, 316 (1995) (emphasis in original).

Lovelace has not proffered any new reliable evidence demonstrating a colorable claim of actual innocence. He relies entirely upon trial transcripts and conclusory allegations that do not reach *Schlup*'s high standard. Therefore, Lovelace fails to demonstrate that his time-barred claims are entitled to federal habeas review under *McQuiggin*.

### III.  Conclusion

For the reasons stated, I **GRANT** the motion to dismiss. Lovelace's petition is time-barred. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Lovelace and to counsel of record for Respondent. Further, concluding that petitioner

5

has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This ⎽⎽1st⎽⎽ day of November, 2017.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE